IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA JONES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 3548 |
| | ) | Judge Blanche M. Manning |
| BREMEN HIGH SCHOOL | ) | |
| DISTRICT 228, | ) | |
|     Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Victoria Jones contends that she has endured so much harassment as a secretary for her employer, defendant Bremen High School District 228, that she now suffers from high blood pressure, depression, and has been hospitalized for stress. She alleges that the harassment is due to her race, sex, national origin, and age, and has sued under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, as well as 42 U.S.C §§ 1981 and 1983. The defendant has filed a motion to dismiss all but her Title VII claim based on her race. For the following reasons the motion is granted in part and denied in part.

**BACKGROUND**

The following facts are drawn from Jones' amended complaint and are accepted as true for the purpose of resolving the motion to dismiss. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Jones is a 49-year-old African-American woman who has worked for Bremen since June 5, 1984. During those more than 20 years, she has received numerous positive evaluations from her supervisors. But according to her, despite her stellar job performance Bremen has subjected her to a hostile work environment and treated her differently than other employees who were not black, not women, not of African descent, and/or not 40 years old or older.

Jones further alleges that during the course of her employment, she has been criticized for mistakes that are not her fault and she has been assigned more work than her peers. In addition, she has been subjected to aggressive conduct, insults, and inappropriate reprimands by supervisors in the presence of her colleagues and students. At one point, she was physically intimidated when a supervisor slammed a stack of papers on her desk. When she complained about her mistreatment, she was reprimanded and Bremen knowingly allowed the hostile work environment to continue.

The hostilities took their toll on her and, on October 15, 2007, she was hospitalized for stress. As a result of her condition, she remained off work for seven months. She has also been treated for depression and high blood pressure.

On October 5, 2007, Jones filed a charge of race discrimination with the EEOC and the Illinois Department of Human Rights (charge #440-2008-00161).[1] On the standard charge of discrimination form she completed, she checked the box next to "RACE" when describing the type of discrimination she suffered. She left unchecked the other eight boxes such as "SEX," "NATIONAL ORIGIN," "AGE," "RETALIATION" and "DISABILITY." On December 21, 2007, she filed an amended charge #440-2008-00161. The amended charge is essentially identical to the original charge except that Jones also checked the box for "DISABILITY." On November 29, 2007, Jones filed a second charge with the EEOC and the Illinois Department of

---

[1]In Illinois, a charge filed with the EEOC is automatically cross-filed by the EEOC with the Illinois Department of Human Rights. Likewise, when a charge is first filed with the Illinois Department of Human Rights, it automatically cross-files the charge with the EEOC. *See Harris v. Cook County Hosp.*, 971 F. Supp. 329, 331 n.2 (N.D. Ill. 1997) (in Illinois, under a workshare agreement between the EEOC and Ill. Dept. of Human Rights, each agency automatically cross-files discrimination claims with the other agency).

Human Rights—this one for retaliation in addition to race and disability discrimination (charge #2008 CF 1357). On April 10, 2008, she received a right-to-sue letter on charge #440-2008-00161. She has not attached any right-to-sue letter for charge #2008 CF 1357.[2]

After receiving the April 10, 2008, right-to-sue letter, Jones filed a *pro se* complaint and, after being appointed counsel, an amended complaint. The amended complaint consists of four counts: (1) discrimination and retaliation based on color, national origin, race, and/or sex in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e - 2000e-17 (Count I); (2) violation of her right to make and enforce contracts based upon her color, national origin, and/or race, *see* 42 U.S.C. § 1981 (Count II); (3) age discrimination and retaliation under the Age Discrimination in Employment Act of 1967, *see* 29 U.S.C. § 621 - 634 (Count III); and (4) violation of the equal protection clause of the U.S. Constitution, *see* 42 U.S.C. § 1983 (Count IV).

Bremen has moved to dismiss the Title VII (Count I) and ADEA (Count III) claims based upon her sex, national origin, and age contending that such claims are outside the scope of the charges of discrimination that Jones filed with the EEOC and the Illinois Department of Human

---

[2]The procedural history detailed above was gleaned from the charges and right-to-sue letter attached as exhibits to the amended complaint. It is at odds with the procedural history detailed in the allegations of the amended complaint. For instance, in the complaint Jones alleges that she filed a charge with the EEOC on October 5, 2007, and then waited until November 29, 2007, to first file it with the Illinois Department of Human Rights. In doing so, the amended complaint fails to acknowledge that the October 5 charge is distinct from the November 29 charge and that, by operation of EEOC and Illinois Department of Human Rights policy, and that each of those charges was automatically cross-filed with the other agency. The court proceeds based upon the procedural history evident from the exhibits. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004) (when exhibits to a complaint contradict the allegations in the complaint, the facts revealed in the exhibits trump those alleged in the complaint).

Services. As for Jones' claims under § 1981 (Count II) and § 1983 (Count IV), Bremen moves to dismiss them on the basis that Jones has failed to allege that her injuries are the result of a municipal policy or custom.

## ANALYSIS

Bremen brings its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Under Rule 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000). While a complaint does not need detailed factual allegations, a plaintiff must provide the grounds of her entitlement to relief, which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court has identified two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "'fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (alteration in *Bell Atlantic*). Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *Id.* at 569 n.14.

### I. Retaliation Claims under Title VII and ADEA

As a preliminary matter, although Jones filed a charge of retaliation with the EEOC and Illinois Department of Human Rights on November 29, 2007, she has not attached a right-to-sue letter for that charge or even alleged that she received one. As the name implies, a right-to-sue letter is a prerequisite to filing a claim in district court under either Title VII or the ADEA. *See*

29 U.S.C. § 633a(d) (ADEA); 42 U.S.C. § 2000e-16(c) (Title VII).  However, the lack of a right-to-sue letter is not an issue of jurisdiction, but rather may serve as a defense to a Title VII or ADEA claim.  *See Worth v. Tyler*, 276 F.3d 249, 259 (7th Cir. 2001).  Bremen has not asserted such a defense, and therefore the court will not address the issue further.

**II.     Sex and National Origin Discrimination Claims under Title VII  (Count I)**

A Title VII plaintiff cannot bring claims in a lawsuit that are outside the scope of the claims alleged in her EEOC charge.  *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974).  The rule is meant to afford the EEOC and the employer an opportunity to settle the dispute and to also give the employer some warning of the conduct about which the employee is complaining.  *See Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).  A plaintiff may bring claims not explicitly in her EEOC charge only if the claims are like or reasonably-related to the allegations in the EEOC charge, and the claims grow out of the allegations made in the EEOC charge.  *See Moore v. Allstate Ins. Co.*, 928 F. Supp. 744, 748 (N.D. Ill. 1996).  Bremen contends that Jones' sex and national origin discrimination claims must be dismissed because they were not raised in her EEOC charges.

    **1.     Sex discrimination claim**

Jones argues that she should be able to proceed with her sex discrimination claim because the claim arises out of the same conduct complained of in the EEOC charge.  However, discrimination based on gender is entirely distinct from discrimination based on race.  *See Moore*, 928 F. Supp. at 748.  When completing the standard forms Jones used to file her charges with the EEOC she did not check the box next to "SEX" when identifying the bases for her discrimination claims, although she did check boxes for ""RACE" and "DISABILITY."

Moreover, nowhere else on the forms did she in any other way describe her claim as one that included allegations that she was discriminated against based on her sex.

In response, Jones argues that she sufficiently alerted the EEOC and the defendant to the fact that she was alleging discrimination based on sex by identifying herself on the form as a female (presumably through her use of the prefix Ms. and the feminine nature of her first name). In other words, Jones is arguing that the EEOC and defendants must assume that every female who files a charge of discrimination is alleging a claim of sex discrimination. But Jones has offered no authority to support her position, a position that would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge. *See Cheek*, 31 F.3d at 500.

By not identifying her EEOC charge as one based on sex discrimination, Jones has failed to meet the condition precedent to proceeding on a sex discrimination claim in this court. *See Moore*, 928 F. Supp. at 748 (citing *Cheek,* 31 F.3d at 500). Because Jones failed to include or even suggest allegations of gender discrimination in her EEOC charge, her sex discrimination claim is dismissed.

### 2. National origin claim

The EEOC charge filed by Jones does not refer to national origin, nor is the national origin box checked on the form. Nevertheless, Jones argues that the terms "African-American" and "black" are used interchangeably, therefore, her national origin, African or African-American, can be inferred from her EEOC charge where she lists her race as "Black." In support, she cites to *Torres v. City of Chicago*, No. 99 CV 6622, 2000 WL 549588, at *2 (N.D. Ill. May 1, 2000). In *Torres*, the court held that the term "Hispanic" alerted the EEOC to claims

of both race and national origin discrimination even though on the standard form the plaintiff had checked only the box for "NATIONAL ORIGIN" and not the box for "RACE." *Id.* However, in *Torres* the court explicitly distinguished the dual-meaning of the term "Hispanic" from the meaning of terms such as "'white', 'black,' and 'Asian,'" which do not "encompass[] the concepts of both race and national origin." *Id.* As a result, a plaintiff's use of the word "Black" to describe her race in insufficient to alert the EEOC and the defendant that she is also alleging a national origin claim. *See Rodgers v. Arlington Heights Sch. Dist. No. 25*, 171 F. Supp. 2d 773, 777 (N.D. Ill. 2001) (national origin claim dismissed as outside the scope of the plaintiff's EEOC charge, on which she described her claim as one based on her race, which she described as "Black.")

Because the complaint filed by Jones alleges discrimination on a different basis than identified in her EEOC charge, her national origin discrimination complaint is not reasonably related to the EEOC charge. *See Davis*, 2002 WL 27660 at *2. Therefore, Jones' national origin discrimination claim is dismissed.

## II.   ADEA Claims  (Count III)

As with claims of discrimination under Title VII, under the ADEA a plaintiff must file a charge of discrimination with the EEOC and obtain a right-to-sue letter before filing suit. *See* 29 U.S.C. §626(d). As noted above, Jones never identified age as one of the forms of discrimination she endured. Because she failed to identify age as a basis for her charge of discrimination, Bremen moves to dismiss Jones' age discrimination claim.

In response, Jones contends that her age discrimination claim was "squarely before the EEOC" because her date of birth appeared on the EEOC charge, as well as the fact that she has

been employed by Bremen since 1984. But providing only a date of birth and length of employment is not enough to reasonably alert the EEOC, or Bremen, to the possibility of age discrimination. *See Harris v. City of Chicago*, No. 07 CV 3982, 2008 WL 2622830, at *6 (N.D. Ill. June 30, 2008) ("To allow a claimant to assert an age discrimination claim simply by filling in his date of birth would thwart one of the primary purposes of an EEOC charge, which is to notify the EEOC or the defendant that age discrimination was an issue to be investigated and addressed in any conciliation efforts."). The purpose of the "Date of Birth" box on the EEOC charge is not to assert a claim, but instead it is used to gather information about the claimant rather than solicit a description of what happened to the claimant. *Id.*

Because the EEOC charge, viewed as a whole, contains no facts that would reasonably alert the EEOC or Bremen to the possibility of age discrimination, the motion to dismiss Count III is granted.

### III. Claims Under § 1981 (Count II) and § 1983 (Count IV)

As a municipality, Bremen cannot be held liable for the conduct of its employees under the theory of *respondeat superior* in either Jones' § 1981 or § 1983 claims. *See Monell v. Dept. of Soc. Servs.*, 436 U.S 658, 691 (1978) (§ 1983); *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736 (1989) (§ 1981). Therefore, to succeed under § 1981 or § 1983, Jones must show that Bremen either: (1) had an express policy that, when enforced, causes a constitutional deprivation; (2) had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) she must show that her constitutional injury was caused by a person with final

policymaking authority.  *See Estate of Sims ex re. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007).

Bremen contends that both the § 1981 and § 1983 claims should be dismissed because Jones has failed to adequately plead a custom, policy or practice which has lead to her harassment.  However, the Supreme Court has rejected any heightened pleading requirement for claims against a municipality.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165-66 (1993).  Accordingly, even post-*Bell Atlantic*, Jones is not required to plead with specificity the existence of a municipal policy.  *See Bryant v. Oak Forest High Sch.*, No. 06 CV 5697, 2007 WL 2738544, at *2 (N.D. Ill. Sept. 12, 2007) ("a complaint alleging violations of 42 U.S.C. § 1983, whether directed towards an individual or a municipality, is not subject to a heightened pleading standard of factual specificity.  . . . Legal conclusions can suffice.").

Although Jones has not identified a specific policy under which she suffered discrimination, she has identified consequences of the policy.  Specifically, she has alleged that "other similarly situated employees to Ms. Jones have complained of Bremen creating a hostile work environment."  Am. Compl. (R.11) § 23.  If true, the allegation supports an inference that a practice of discriminating against members of protected classes has become widespread at Bremen.  Because the existence of a widespread practice of discrimination would plausibly suggests that Jones, as a victim of the practice, is entitled to relief, the allegations meet the pleading standards set forth in *Bell Atlantic*.

Accordingly, Jones' failure to identify the specific policy under which Bremen allegedly carried out its discrimination is not a basis for dismissal, and the motion to dismiss Counts II and IV is denied.

## CONCLUSION

For the reasons stated above, Bremen's motion to dismiss [17-1] is granted in part and denied in part as follows: Jones' sex and national origin discrimination claims are dismissed from Count I; Count III is dismissed; and Counts II and IV are not dismissed.

ENTER:

DATE: March 4, 2009

_____
Blanche M. Manning
United States District Judge